IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>ANDREW LUCERO,<br><br>Defendant/Movant. | Cause No. CR 03-27-BLG-SPW<br>CV 17-19-BLG-SPW<br><br><br>ORDER DENYING § 2255 MOTION<br>AND DENYING CERTIFICATE OF<br>APPEALABILITY |

On February 15, 2017, the Ninth Circuit Court of Appeals granted
Defendant Andrew Lucero leave to file in this Court a second motion to vacate, set
aside, or correct his sentence under 28 U.S.C. § 2255. Lucero, represented by
Assistant Federal Defender David Ness, is currently serving a four-year term of
supervised release. *See* Judgment (Doc. 201) at 3.

## I. Background

On February 21, 2003, a grand jury indicted Lucero and two co-defendants
on one count of conspiracy to possess methamphetamine with intent to distribute, a
violation of 21 U.S.C. § 846 (Count 1); one count of conspiracy to possess
marijuana with intent to distribute, another violation of 21 U.S.C. § 846 (Count 3);
and one count each of possessing methamphetamine (Count 2) and marijuana
(Count 4) with intent to distribute, violations of 21 U.S.C. § 841(a)(1). Lucero was

1

arrested in the District of Arizona on July 3, 2003 and appeared in this Court on July 22, 2003. *See* Indictment (Doc. 1); Warrant Return (Doc. 12); Minutes (Doc. 14).

Trial commenced on July 27, 2004. On July 30, the jury found Lucero guilty on all counts. *See* Minutes (July 27–30, 2004); Verdict (Doc. 134).

A sentencing hearing was held on March 11, 2005. Lucero was found responsible for distributing three pounds of marijuana and 262.53 grams of methamphetamine. *See* Statement of Reasons (Doc. 201-1) at 4. The advisory guideline range was 235 to 293 months. *See* Statement of Reasons at 1 § III. Lucero was sentenced to the top end of the guideline range, 293 months, to be followed by a four-year term of supervised release. *See* Judgment (Doc. 201) at 2–3.

Lucero appealed. On January 23, 2006, the Court of Appeals affirmed the convictions. *See* Mem. (Doc. 212), *United States v. Lucero*, No. 05-30176 (9th Cir. Jan. 23, 2006). Lucero's conviction became final when the United States Supreme Court denied his petition for writ of *certiorari* on June 26, 2006. *See Lucero*, No. 05-30176 (order filed July 3, 2006).

On May 10, 2007, Lucero timely filed a motion under 28 U.S.C. § 2255. On October 2, 2007, the motion and a certificate of appealability were denied. *See* Mot. (Docs. 231, 232); Order (Doc. 234). The Court of Appeals denied a

certificate of appealability on May 26, 2009. *See* Order (Doc. 241).

On May 12, 2015, pursuant to the "drugs minus two" amendments to the United States Sentencing Guidelines, *see* U.S.S.G. Ams. 782, 788 (Nov. 1, 2014), Lucero's prison term was reduced from 293 months to 235 months, *see* Am. Judgment (Doc. 257).

On February 15, 2017, the Ninth Circuit Court of Appeals granted Lucero leave to file a second § 2255 motion in this Court. The filing was backdated to January 19, 2017, the date Lucero applied to the Ninth Circuit for leave to file in this Court. *See* Mot. §2255 (Doc. 164) at 6 ¶ C; *Houston v. Lack*, 487 U.S. 266, 276 (1988). On February 28, 2017, the Court found appointment of counsel to be in the interests of justice. *See* Order (Doc. 265). Counsel appeared on March 14, 2017, *see* Notice (Doc. 266), and filed an amended motion on August 10, 2017 (Doc. 274).

On September 20, 2017, the Court ordered the United States to file an answer. It did so on December 11, 2017 (Doc. 279), and Lucero replied on January 16, 2018 (Doc. 284). On August 15, 2019, the Court ordered the United States to clarify the nature of its investigation and its position on the § 2255 motion. *See* Order (Doc. 286). The United States responded on December 13, 2019. On December 16, 2019, the Court permitted Lucero to file another reply. *See* Order (Doc. 292). He did so on January 31, 2020 (Doc. 297).

3

The Court was still unable to understand what the United States had actually done to determine whether all information that should have been disclosed to defense counsel at the time of trial had, in fact, been disclosed.  The Court explained:

> Lucero seeks leave to conduct discovery. *See* Pet'r Reply (Doc. 297) at 2–3.  Before considering that option, the Court wants a clearer documentary record.  It is possible the Court and the United States are talking past each other and the Court simply misunderstands what the United States has already done.  Nonetheless, the Court still cannot tell if the United States has taken these steps:
>
> 1.  Gather all relevant files or records that would contain information about the cooperating witnesses;
>
> 2.  Identify all the exculpatory or impeaching information that was in the United States' possession about those witnesses at the time of trial;
>
> 3.  Review the transcript of Lucero's trial to determine whether all of that information is reflected in the transcript; and
>
> 4.  Communicate to Lucero's counsel and to the Court what information is *not* reflected in the transcript.
>
> These steps appear to be the only way to determine whether AUSA Seykora withheld information he should have disclosed.  Of course, the Court has no idea how the United States' files are organized.  But there does not appear to be any reason to believe that a file pertaining to Lucero—such as Seykora's trial file—would necessarily contain all exculpatory or impeaching information about the cooperating witnesses who testified against Lucero.  The Court needs to know the United States has cast a wide net and searched files and records pertaining to the cooperating witnesses, not just the file(s) and records pertaining to Lucero.

Order (Doc. 300) at 1–2 (footnote omitted).  The Court required the United States

4

to "demonstrat[e] that it has completed each of the four sequential steps set out above as to each cooperating witness." *Id.* at 4.

On September 10, 2020, the United States filed its third response to Lucero's § 2255 motion. On September 14, 2020, the Court gave Lucero another opportunity to reply. *See* Order (Doc. 306). He did so on October 23, 2020 (Doc. 309), but he had not, at that time, reviewed the United States' third response with his client. *See* Mot. and Order (Docs. 310, 311).

On March 15, 2021, the Court gave Lucero a final opportunity to submit a brief. *See* Order (Doc. 312). He did so on May 6, 2021 (Doc. 313).

## II. Analysis

Lucero's motion arises because former Assistant United States Attorney James E. Seykora failed on multiple occasions to disclose to defense counsel material exculpatory information about cooperating witnesses he called and examined at multiple trials. This undisclosed information included his filing and advocacy of numerous sealed sentence-reduction motions, sometimes including statements by Seykora, in front of the witness and the sentencing judge, that another sentence reduction motion might be warranted if cooperation continued;[1]

---

[1] *See* Redacted Order (Doc. 506) at 5–9, *United States v. Anderson*, No. CR 07-15-BLG-SPW (D. Mont. Oct. 9, 2018); Redacted Am. Order (Doc. 453) at 7–8, 12, *Anderson*, No. CR 07-15 (D. Mont. Mar. 26, 2015); Order (Doc. 193) at 2–5, *United States v. Johnson*, No. CR 06-79-BLG-DLC (D. Mont. Dec. 1, 2014).

conditional non-prosecution agreements and grants of derivative use immunity (some mischaracterized by Seykora as to their scope) that required the witness to testify;[2] payment of nearly $4,000 to one witness for rent, child-care, and moving expenses;[3] payment to at least one witness as a cooperating informant with an offer to continue working and receiving payment;[4] a witness's recorded phone call from jail attributing blame to someone other than the defendant against whom he testified;[5] and a witness's letter to Seykora virtually offering to remember whatever Seykora might need the witness to remember, plus a law enforcement report showing the same witness failed to mention on one occasion what he volubly swore to be true on another.[6]

In all of these instances, a judge of this Court found that Seykora violated constitutional due-process mandates[7] because he failed to disclose information that

---

[2] *See* Redacted Order (Doc. 506) at 11–18, *Anderson*, No. CR 07-15-BLG-SPW (D. Mont. Oct. 9, 2018); Order (Doc. 746) at 5–6, 8–11, *United States v. Garcia*, No. CR 04-87-BLG-RFC (D. Mont. Sept. 30, 2011).

[3] *See* Order (Doc. 771) at 5, 6–7 & n.2, *United States v. Ulloa*, No. CR 99-04-BLG-SPW (D. Mont. Aug. 27, 2019).

[4] *See* Order (Doc. 286) at 4–9, *United States v. Maldonado*, No. CR 02-91-BLG-SPW (D. Mont. May 29, 2020).

[5] *See* Order (Doc. 289) at 16–17, *United States v. Boyd*, No. CR 06-28-BLG-SPW (D. Mont. Mar. 22, 2021); Redacted Order (Doc. 506) at 9–11, *Anderson*, No. CR 07-15-BLG-SPW (D. Mont. Oct. 9, 2018); *see also* Order (Doc. 289) at 15–18, *Boyd*, No. CR 06-28-BLG-SPW (D. Mont. Mar. 22, 2021) (assuming that undisclosed and allegedly nonexistent report of agents' interview with witness would have had exculpatory value for Boyd at trial).

[6] *See* Order (Doc. 217) at 14–20, *United States v. Lira*, No. CR 10-135-BLG-DWM (D. Mont. Mar. 18, 2021).

[7] *See United States v. Bagley*, 473 U.S. 667 (1985); *Giglio v. United States*, 405 U.S. 150 (1972); *Brady v. Maryland*, 373 U.S. 83 (1963); *Napue v. Illinois*, 360 U.S. 264 (1959).

was material to the jury's assessment of witnesses' credibility. In most instances, the information withheld was not, in retrospect, material to the verdict or sentence.[8] In some, it was.[9]

## A. Legal Standard

The Court of Appeals granted Lucero leave to file a second § 2255 motion in this Court. *See* Order (Doc. 264-2). Obtaining leave to file is only the first of two restrictions Congress imposes on second or successive motions under 28 U.S.C. § 2255.

A district court must "dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements" for relief specially applied to second or successive motions. 28 U.S.C. § 2255(h) requires Lucero to show that his "newly discovered evidence, if proven and viewed in light of the evidence as a

---

[8] *See* Order (Doc. 217) at 25, *Lira*, No. CR 10-135-BLG-DWM (D. Mont. Mar. 18, 2021) (denying § 2255 motion as to convictions); Order (Doc. 289) at 18–22, *Boyd*, No. CR 06-28-BLG-SPW (D. Mont. Mar. 22, 2021); Order (Doc. 286) at 10, *Maldonado*, No. CR 02-91-BLG-SPW (D. Mont. May 29, 2020); Order (Doc. 771) at 7–8, *Ulloa*, No. CR 99-04-BLG-SPW (D. Mont. Aug. 27, 2019); Redacted Order (Doc. 506) at 20–52, *Anderson*, No. CR 07-15-BLG-SPW (D. Mont. Oct. 9, 2018) (denying § 2255 motion as to Counts 11, 16, and 24); Order (Doc. 746) at 19–26, *Garcia*, No. CR 04-87-BLG-RFC (D. Mont. Sept. 30, 2011).

[9] *See* Order (Doc. 217) at 20–25, *Lira*, No. CR 10-135-BLG-DWM (D. Mont. Mar. 18, 2021) (granting § 2255 motion as to sentence); Redacted Order (Doc. 506) at 20–52, *Anderson*, No. CR 07-15-BLG-SPW (D. Mont. Oct. 9, 2018) (granting § 2255 motion and vacating convictions on Counts 1–10, 12–15, 17–23, and 25–30); Order (Doc. 198) at 1–2, *Johnson*, No. CR 06-79-BLG-DLC (D. Mont. Jan. 9, 2015) (granting § 2255 motion, vacating 353-month sentence, and granting new trial); Order (Doc. 202) (dismissing case on United States' motion), *Johnson*, No. CR 06-79-BLG-DLC (D. Mont. Feb. 12, 2015). Notably, these cases all involved a first motion under 28 U.S.C. § 2255.

7

whole, would be sufficient to show by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense." 28 U.S.C. § 2255(h)(1); *see also* 28 U.S.C. § 2244(b)(2)(B); *Brown v. Muniz*, 889 F.3d 661, 674 (9th Cir. 2018).

"Clear and convincing evidence that no reasonable factfinder would have found [Lucero] guilty" is a far higher standard than a "reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different," *see Turner v. United States*, __ U.S. __, 137 S. Ct. 1885, 1893 (2017) (quoting *Cone v. Bell*, 556 U.S. 449, 470 (2009)), the standard normally applied to a *Brady* or *Giglio* claim.

### B. The State of the Record

The Court is now satisfied that the United States made an adequate investigation of its records. Its third response indicates that it reviewed the files of its cooperating witnesses. *See* Third U.S. Resp. (Doc. 304) at 4 ¶¶ 1–4. It states that it did not locate "exculpatory or impeachment information that is not reflected in the [trial] transcript." *Id.* ¶ 4.

Lucero points out, correctly, that the United States has its own perspective on the case. While acting in good faith, it may be unable to recognize when information is useful to the defendant. *See* Reply (Doc. 309) at 3–4. This difficulty is real and endemic to the nature of a prosecutor's disclosure obligations.

8

It exists in every case for every prosecutor, and the attorney assigned to investigate Lucero's claims in this matter is no more or less subject to it than anyone else.

But Seykora's failings are different. The evidence he failed to disclose consists almost exclusively of benefits the government, and usually Seykora himself, bestowed on witnesses—sentence-reduction motions, agreements not to prosecute, immunity letters, payments, and one wheedling letter that no reasonable person could fail to recognize as valuable impeachment evidence. Realizing that a § 5K1.1 motion must be disclosed presents no comprehensible difficulty.

Concern that the prosecution might not have recognized every piece of exculpatory or impeaching evidence, therefore, is not the concern driving the § 2255 motion. The concern here is that the prosecution withheld evidence that unquestionably had to be disclosed. An investigation capable of identifying evidence of that nature is sufficient.

## C. Application

At this point, the Court can reliably decide the merits of the motion. First, the United States (eventually) investigated the relevant files and information. Second, the Court ordered that Lucero's counsel be permitted to review all "the same information the United States has reviewed." Once he had done that, counsel was also required to say whether he believed additional information exists and, if so, what it is likely to be and why it would help him meet the high standard of 28

9

U.S.C. § 2255(h)(1). *See* Order (Doc. 312) at 1–2.

In response, Lucero acknowledges that he has reviewed the pertinent information and does not believe any new or additional information could have affected the trial verdict. *See* Resp. to Order (Doc. 313) at 1–2. As the standard for information that "could have affected the trial verdict" is significantly easier to meet than the standard of "clear and convincing evidence" of actual innocence required by § 2255(h)(1), it is clear that Lucero's motion must be denied. Additional information about the incentives offered to prosecution witnesses would not establish by clear and convincing evidence that no reasonable juror would find Lucero guilty of the drug trafficking crimes of which he stands convicted.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Lucero makes a *prima facie* showing that he meets the requirements of 28 U.S.C. § 2255(h)(1).  *See* 28 U.S.C. § 2244(b)(3)(C); 9th Cir. Order (Doc. 143-2). But there is no substance to his showing, because Lucero agrees the United States found no previously undisclosed evidence that could have affected the verdict.  As that is a lower standard than Lucero would have to meet to prevail under § 2255(h)(1), a COA is not warranted.

Accordingly, IT IS ORDERED:

1.  Lucero's second motion under 28 U.S.C. § 2255 (Docs. 264, 274) is DENIED.

2.  A certificate of appealability is DENIED.  The clerk shall immediately process the appeal if Lucero files a Notice of Appeal.

3.  The Clerk of Court shall ensure that all pending motions in this case and in CV 17-19-BLG-SPW are terminated and shall close the civil file by entering judgment in favor of the United States and against Lucero.

DATED this 3rd day of January, 2022.

Susan P. Watters
United States District Court

11